UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEX DANIEL TARABOCHIA, et al.,

    Plaintiffs,

  v.

F.B.I. Special Agent MICKEY ADKINS, et al.,

    Defendants.

CASE NO. C10-5197BHS

ORDER

This matter comes before the Court on Plaintiffs Alex Daniel Tarabochia, Bryan Anthony Tarabochia, Joseph Burton Tarabochia, and Matthew Alexander Tarabochia's ("Plaintiffs") motion to amend the complaint (Dkt. 65), Plaintiffs' motion for order to release cell phone records (Dkt. 72), and Defendants Mike Cenci, Dan Chadwick, Brett Hopkins and Brad Rhoden's ("Defendants") motions in limine (Dkt. 73). The Court has considered the pleadings filed in support of the motions and the remainder of the file.

## I. PROCEDURAL HISTORY

On June 1, 2010, Plaintiffs filed a complaint against Defendants Mickey Adkins[1], Mike Cenci, Dan Chadwick, Brett Hopkins and Brad Rhoden. Dkt. 7 ("Complaint").

---

[1] On October 6, 2010, Plaintiffs informed the Court that they did not serve Agent Adkins and that they would not be pursing their claims against Agent Adkins. Dkt. 17 at 1-2.

ORDER - 1

Plaintiffs allege violations of their rights under the Fourth, Sixth, and Fourteenth Amendments to the Constitution. *Id.*

On July 14, 2011, Plaintiffs filed a motion to amend their complaint as to damages. Dkt. 65. Defendants did not respond.

On July 20, 2011, Plaintiffs filed a motion for an order to release certain cell phone records. Dkt. 72. Defendants did not respond.

On July 22, 2011, Defendants filed motions in limine. Dkt. 73.

On August 9, 2011, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment (Dkt. 50). Dkt. 77. On August 11, 2011, the Court issued an order striking the trial date and setting a dispositive motion deadline of August 25, 2011. Dkt. 82.

## II. DISCUSSION

With regard to Plaintiffs' motion to amend, the Court should freely grant leave to amend as justice so requires. Fed. R. Civ. P. 15. Moreover, Defendants failed to file a brief in opposition to the motion. Therefore, the Court grants Plaintiffs' motion (Dkt. 65) and Plaintiffs' claim for damages shall include a claim for costs and attorneys' fees.

With regard to Plaintiffs' motion for an order to release cell phone records, Plaintiffs seek Defendant Chadwick's cell phone records from Verizon Wireless. Plaintiffs argue that the records will be used to impeach Defendant Chadwick's testimony in this matter. At this point of the proceeding, it appears that the remaining issue can be addressed as an issue of law. When considering a motion for summary judgment, the Court may not "make credibility determinations with respect to statements made in affidavits . . . ." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Therefore, because evidence regarding the credibility of a defendant may be irrelevant to the remaining issue in this case, the Court denies Plaintiffs' motion without prejudice.

With regard to Defendants' motions in limine, the Court denies the motions without prejudice and Defendants may renote the motions if this matter is reset for trial.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to amend the complaint (Dkt. 65) is **GRANTED** and that Plaintiffs' motion for order to release cell phone records (Dkt. 72) and Defendants' motions in limine (Dkt. 73) are **DENIED without prejudice**.

DATED this 31st day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge