UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEX DANIEL TARABOCHIA, et al.,

    Plaintiffs,

  v.

F.B.I. Special Agent MICKEY ADKINS, et al.,

    Defendants.

CASE NO. C10-5197BHS

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs Alex Daniel Tarabochia, Bryan Anthony Tarabochia, Joseph Burton Tarabochia, and Matthew Alexander Tarabochia's ("Plaintiffs") motion for reconsideration (Dkt. 89). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 1, 2010, Plaintiffs filed a complaint against Defendants Mickey Adkins[1], Mike Cenci, Dan Chadwick, Brett Hopkins and Brad Rhoden. Dkt. 7 ("Complaint"). Plaintiffs allege violations of their rights under the Fourth, Sixth, and Fourteenth Amendments to the Constitution. *Id.*

On May 20, 2011, Defendants Mike Cenci, Dan Chadwick, Brett Hopkins and Brad Rhoden (hereafter "Defendants") filed a motion for summary judgment. Dkt. 50. On August 9, 2011, the Court issued an order granting in part and denying in part

---

[1] On October 6, 2010, Plaintiffs informed the Court that they did not serve Agent Adkins and that they would not be pursuing their claims against Agent Adkins. Dkt. 17 at 1-2.

ORDER - 1

1  Defendants' motion. Dkt. 77. On August 18, 2011, Plaintiffs filed a notice that they
2  intended to file a motion for reconsideration. Dkt. 86. On September 2, 2011, Plaintiffs
3  filed a motion for reconsideration. Dkt. 88. On September 7, 2011, Plaintiffs withdrew
4  their motion and filed an amended motion for reconsideration (Dkt. 89).

## II. FACTUAL BACKGROUND

Joseph Tarabochia ("Joseph") claims that he has been a commercial fisherman his entire life and that he has a long history of interactions with Washington State Fish and Wildlife ("WSFW") officers. Dkt. 67, Declaration of Joseph Tarabochia ("Tarabochia Decl.") at 1. Joseph asserts that approximately 11 years ago, Defendant WSFW Officer Cenci "began a personal vendetta against [Joseph] and his family." *Id*. at 2. Joseph recounts a number of incidents to support his accusation, *Id*. at 2-6, and alleges that these previous incidents directly led to the encounter at issue, which is described below.

On March 23, 2007, Defendants were working as WSFW officers near Cathlamet and Skamokawa, Washington along the lower Columbia River. Dkt. 52, Declaration of Dan Chadwick ("Chadwick Decl."), ¶ 6. Defendants were conducting field inspections, checking commercial gillnet fishermen who were transporting fish, to ensure they had properly filled out transportation or wholesale fish tickets and to ensure that they were not in possession of any prohibited species such as wild Chinook salmon, steelhead or undersize/oversize sturgeon. *Id*. Officer Cenci, Deputy Chief of Enforcement Operations, claims that the field inspection program is an important part of the WSFW's efforts to maintain the fisheries for the use and enjoyment of all the citizens in the state. Dkt. 51, Declaration of Mike Cenci ("Cenci Decl."), ¶ 4.

Between 6:00 a.m. and 7:45 a.m., Officer Cenci was located on a hill overlooking the Skamokawa Bridge. *Id*. ¶ 9. From there he observed three fishing vessels unloading fish in an area that is commonly known for that activity as well as for fish selling and purchasing. *Id*. Officer Cenci recognized plaintiff Matthew Tarabochia ("Matthew")

ORDER - 2

when he backed up a pickup to a fishing vessel. *Id*. ¶ 10. Officer Cenci observed some activity with a fish tote in the back of the pickup. *Id*.

At about 7:20 a.m., Officer Cenci called Officer Chadwick who was located a short distance away and told him that salmon had been loaded into a black 2004 Chevy pickup. *Id*. ¶ 12. Officer Chadwick parked his vehicle a short distance away and waited for the 2004 Chevy pickup to drive by. Chadwick Decl., ¶ 8. At 7:48 a.m., the pickup passed Officer Chadwick, who pulled out from his parking spot and proceeded to follow the truck. *Id*. ¶ 9. Officer Chadwick eventually pulled up behind the pickup, activating his emergency lights, which included red and blue lights along with corner strobe lights and wigwag headlights. *Id*. The pickup did not stop. *Id*.

Officer Cenci joined the pursuit of the pickup. He drove his vehicle around Officer Chadwick's vehicle and the pickup. Cenci Decl., ¶ 14. The officers were eventually able to slow and stop the pickup. *Id*.

The officers approached the pickup and ordered Plaintiffs to exit the vehicle. *Id*. ¶¶ 14, 15. Officer Cenci claims that he repeatedly gave the driver of the pickup, Matthew, loud, clear commands to unlock the pickup and exit the vehicle. *Id*. ¶ 15. Despite those requests, Matthew refused to unlock or exit the pickup. *Id*.

After a few minutes, Wahkiakum County Sheriff deputies arrived on the scene as well as WSFW Officers Hopkins and Rhoden. *Id*. ¶ 16. Matthew eventually opened his door and Officer Cenci took him into custody. *Id*. The passenger in the front seat, Joseph, opened his door and Officer Rhoden took him into custody. Dkt. 53, Declaration Brad Rhoden, ¶ 10. Both Matthew and Joseph were transported to the Wahkiakum County Jail and charged with avoiding a field inspection, obstruction of justice and resisting arrest. *Id*. ¶ 13. The charges were dismissed by the Superior Court of the State of Washington because the stop violated certain state statues governing the authority of WSFW officers. Dkt. 54 at 4-9.

ORDER - 3

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). The motion shall be filed within fourteen days after the order to which it relates is filed. Local Rule CR 7(h)(2). Failure to timely file the motion may be grounds for denial of the motion. *Id*.

In this case, Plaintiffs failed to timely file their motion for reconsideration because the motion was filed more than fourteen days after the order to which it relates. Although this is sufficient grounds to deny Plaintiffs' motion, the Court will briefly address some of the merits of Plaintiffs' motion.

First, Plaintiffs argue that the officers' search of Plaintiffs' vehicle was unconstitutional. Dkt. 89 at 4-9. Relying on *Arizona v. Gant*, 129 S. Ct. 1710 (2009), Plaintiffs contend that Supreme Court case law "does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle." *Id*. at 1714. Plaintiffs, however, were arrested for avoiding a field inspection and the Supreme Court has held that "circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Id*. Therefore, Plaintiffs have failed to show a manifest error on this issue in the Court's order on summary judgment.

Second, Plaintiffs argue that the state courts' dismissal of the charges against Plaintiffs should inform this Court on Plaintiffs' Fourth and Fourteenth Amendment claims. Dkt. 89 at 17-20. Without providing an advisory opinion, the Court will merely

ORDER - 4

comment that Washington state law appears to provide Plaintiffs with rights in addition to their constitutional rights. As such, if one court finds that an officer violates a Washington state statute, that does not necessarily mean that the officer violated the United States Constitution. Therefore, Plaintiffs have failed to show a manifest error on this issue in the Court's order on summary judgment.

Finally, Plaintiffs argue that the repeated contacts between Defendants and Plaintiffs amount to "harassment and intimidation" and should support a claim for a violation of Plaintiffs' constitutional rights. Dkt. 89 at 10-32. In its order, the Court held that there may be a question of fact on this issue under the Fourteenth Amendment, which provides that individuals have a right to be free from a government official's abuse of power that "shocks the conscience" or that "violates the decencies of civilized conduct." Dkt. 77 at 8-9 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Defendants, however, contend that any such claim is barred by the three-year statute of limitations for actions under 42 U.S.C. § 1983 (*see* Dkt. 80) and have filed a summary judgment motion on this issue (Dkt. 84). Therefore, with regard to the Court's previous order, Plaintiffs have failed to show a manifest error of law in dismissing Plaintiffs' harassment and/or intimidation claim under the Fourth Amendment.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration (Dkt. 89) is **DENIED**.

DATED this 9th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5