1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

ALEX DANIEL TARABOCHIA, et al.,

9

Plaintiffs,

10

v.

11

MICKEY ADKINS, et al.,

12

Defendants.

CASE NO. C10-5197 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION TO
AMEND THE COMPLAINT

13

14

15

16

17

18

This matter comes before the Court on Plaintiffs Alex Daniel Tarabochia and
Matthew Alexander Tarabochia's ("Tarabochias") motion to amend the complaint (Dkt.
119). The Court has considered the pleadings filed in support of and in opposition to the
motion and the remainder of the file and hereby grants the motion in part and denies it in
part for the reasons stated herein.

19

## I. PROCEDURAL HISTORY

20

21

22

On December 23, 2014, the Court issued an Order Setting Jury Trial and Pretrial
Dates and set February 2, 2015 as the deadline for amending pleadings. Dkt. 104.

On January 26, 2015, the Tarabochias filed a motion to amend the complaint. Dkt. 110. On March 9, 2015, the Court denied the motion without prejudice because the Tarabochias failed to attach a copy of the proposed complaint to the motion. Dkt. 115.

On March 18, 2015, the Tarabochias filed the instant motion and a proposed amended complaint. Dkt. 119. On March 27, 2015, Defendants Mike Cenci, Dan Chadwick, Brett Hopkins, and Brad Rhoden ("Defendants") responded. Dkt. 121. On May 4, 2015, the Tarabochias replied. Dkt. 124

## II. DISCUSSION

Defendants ask the Court to deny the Tarabochias' motion to amend because it was filed after the relevant deadline, the Tarabochias have failed to show cause for their tardiness, and the proposed amendments are at least partially futile. Dkt. 121.

With regard to the timing of the motion, the Court finds that there is good cause to accept the motion. Although all parties, including parties proceeding pro se, must abide by the rules of procedure, the Court denied the Tarabochias' first motion to amend without prejudice. Defendants were aware of the motion and the likelihood that another motion would be filed. Thus, Defendants are not prejudiced, and the Court will consider the merits of the motion.

With regard to the merits, the Tarabochias seek leave to add claims for special damages from 2003 through 2015. Dkt. 119-1 at 9. Defendants argue that damages should at least be limited for the period before the date of the alleged violation, which was March 23, 2007. Dkt. 121. The Court agrees. Although the Tarabochias' reply is extremely late, the Court will accept it because it shows that the Tarabochias intend to

1  seek damages for actions leading up to the March 23, 2007 stop.  Dkt. 124.  However,

2  any such claim for damages is futile.  The Ninth Circuit upheld the Court's dismissal of

3  the Tarabochias' Fourteenth Amendment claim based on repetitive government behavior

4  that "shocks the conscience."  *Tarabochia v. Adkins*, 766 F.3d 1115, 1129 (9th Cir.

5  2014).  Thus, the only claim left is for damages that flow from the Defendants' actions on

6  March 23, 2007.  While evidence of past business performance may be relevant to the

7  issue of damages that flow from the relevant stop, the Tarabochias are precluded from

8  seeking damages for any act other than the relevant stop.

9                                    **III. ORDER**

10         Therefore, it is hereby **ORDERED** that the Tarabochias' motion to amend the

11  complaint (Dkt. 119) is **GRANTED in part** and **DENIED in part.**  The Tarabochias

12  shall amend the complaint to limit damages from March 23, 2007 forward and file the

13  amended complaint as a separate entry on the docket.

14         Dated this 12th day of May, 2015.

15

16

17

18         BENJAMIN H. SETTLE
           United States District Judge

19

20

21

22